1  JULIAN M. BAUM (CA State Bar No. 130892)
2  THOMAS J. FUCHS
   BAUM & WEEMS
3  9 Tenaya Lane
   Novato, California 94947
4  Telephone: (415) 892-3152
5  Facsimile: (415) 892-3096

6  Attorneys for Plaintiff
7  David Carleton

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DAVID CARLETON, an individual, )
                               ) Case No. 07 5924 BZ
        Plaintiff,             )
                               ) COMPLAINT
v.                             )
                               ) [ERISA, 29 U.S.C. Sections 1001 et seq.]
504 GAP, INC. DISABILITY PLANS and )
THE GAP, INC., in its capacity as Plan )
Administrator,                 )
                               )
        Defendants.            )
                               )
                               )
_____)

        Plaintiff, David Carleton, alleges as follows.

////
////
////
////
////

COMPLAINT                                Page 1 of 5

JURISDICTION

1.    This is an action for equitable relief and for insurance benefits under an employee welfare benefits plan and group health insurance policy. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereafter, "ERISA"). This Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

INTRADISTRICT ASSIGNMENT

2.    A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Contra Costa, State of California.

FIRST CLAIM FOR RELIEF<br>[for benefits due under the defendant ERISA plan]

3.    Defendant 504 GAP, INC. DISABILITY PLANS, (hereafter, the "Plan") is an employee welfare benefit plan established and maintained by plaintiff's former employer. The Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. Sections 1002 and 1003.

4.    Defendant The Gap, Inc. is sued herein solely in its capacity as a Plan Administrator of the defendant Plan, and not in its capacity or by reason of its being plaintiff's former employer.

5.    Plaintiff David Carleton is, and at all relevant times was, a covered beneficiary under the Plan.

6.    Plaintiff is, and at all relevant times has been, and continues to be totally disabled within the meaning of the terms of the Plan.

7.    Defendants have failed and refused to pay to plaintiff disability benefits to which he is entitled under the terms of the Plan.

8.    Plaintiff has fulfilled every condition and has duly performed each and every obligation that he was required to perform under the terms of the Plan, and is and at all relevant times has been entitled to payment of disability benefits under the terms and conditions of the Plan.

9.    Defendants have breached their obligations to plaintiff by failing to fulfill their obligations under the Plan and under the applicable provisions of ERISA, including but not limited to the obligation to pay disability benefits under the Plan, by unreasonably and

wrongfully failing to conduct a proper investigation and review prior to terminating payment of plaintiff's benefits, and by failing to conduct a full and fair review of plaintiff's claim and the denial of his benefits as required by ERISA.

10. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses.

WHEREFORE, plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
[For Breach of Fiduciary Duty]

11. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 10, inclusive, of this Complaint.

12. Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of Plan benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries.

13. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of disability benefits, interest on those benefits, and attorneys' fees and expenses.

## THIRD CLAIM FOR RELIEF
[For Statutory Penalties]

14. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 13, inclusive, of this Complaint.

15. Plaintiff, through his designated representatives, duly requested that the Plan and its Administrator provide documents and information in accordance with their obligations under ERISA. Defendants failed and refused to do so for more than 30 days, up to and including the present time.

WHEREFORE, plaintiff prays for judgment as follows:

1. For benefits due under the Plan;
2. For a declaration regarding plaintiff's rights to future benefits under the Plan;

|     |     |     |
| --- | --- | --- |
| 1   | 3.  | For such equitable relief as the Court deems just and proper; |
| 2   | 4.  | For prejudgment interest; |
| 3   | 5.  | For statutory penalties against defendants under ERISA; |
| 4   | 6.  | For attorneys' fees, costs and expenses; and |
| 5   | 7.  | For such other and further relief as the Court deems just and proper. |

Dated: November 21, 2007

JULIAN M. BAUM
THOMAS J. FUCHS
BAUM & WEEMS

by /s/ by Julian M. Baum

JULIAN M. BAUM
Attorneys for Plaintiff David Carleton

1
2    CERTIFICATION OF INTERESTED ENTITIES OR PERSONS
3
4    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the
5    named plaintiff and his immediate family (his spouse and his children), there is no such interest
6    to report.
7
8    Dated: November 21, 2007                JULIAN M. BAUM
9                                            THOMAS J. FUCHS
                                             BAUM & WEEMS
10
11
12                                        by  /s/ Julian M. Baum
                                              JULIAN M. BAUM
13                                            Attorneys for Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                              Page 5 of 5