RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARLETON, an individual, | Case No. CV 07-5924 (JSW) |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]** |
| v. | |
| 504 GAP, INC. DISABILITY PLANS and THE GAP, INC., in its capacity as Plan Administrator, | ([Proposed] Order filed concurrently herewith) |
| Defendants. | Motion Date: May 16, 2008<br>Motion Time: 9:00 a.m.<br>Courtroom: 2<br><br>ORAL ARGUMENT REQUESTED |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on May 16, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants will and hereby do move this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff David Carleton's Second Cause of

Action for Breach of Fiduciary Duty, because it fails under ERISA § 503(a)(3), where ERISA § 502(a)(1)(B) provides an available adequate remedy in this case if Carleton prevails on his claim for recovery of benefits and in the alternative, because it fails under ERISA § 502(a)(2) because Plaintiff does not seek benefits on behalf of the plan.

Defendants also move to dismiss Carleton's Third Cause of Action for Statutory Penalties because the cause of action as pled fails to provide "fair notice" of the nature of the claim and the "grounds" on which the claim rests.

Defendants' motion is based on this notice, the attached memorandum of points and authorities, the request for judicial notice, the records and pleadings on file in this action, and on such further evidence, either oral or documentary, presented to this Court at the motion hearing.

Defendants request oral argument at the motion hearing.

Dated: April 3, 2008                                    GORDON & REES LLP


                                            By:  /s/ Ronald K. Alberts
                                                 RONALD K. ALBERTS
                                                 TAD A. DEVLIN
                                                 Attorneys for Defendants

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................ 1

II.  FACTUAL BACKGROUND......................................................................... 1

     A.   CARLETON'S COMPLAINT AND FIRST CAUSE OF
          ACTION - "FOR BENEFITS DUE UNDER THE
          DEFENDANT ERISA PLAN" ............................................................. 1

     B.   CARLETON'S SECOND CAUSE OF ACTION - "FOR
          BREACH OF FIDUCIARY DUTY"..................................................... 2

     C.   CARLETON'S THIRD CAUSE OF ACTION - "FOR
          STATUTORY PENALTIES"................................................................ 3

     D.   THE ERISA PLAN ............................................................................... 3

III. LEGAL ANALYSIS........................................................................................ 3

     A.   CARLETON'S CLAIM FOR BREACH OF FIDUCIARY
          DUTY IS IMPROPER BECAUSE HE HAS AN ADEQUATE
          REMEDY ALREADY AVAILABLE UNDER HIS FIRST
          CAUSE OF ACTION FOR RECOVERY OF EMPLOYEE
          BENEFITS PURSUANT TO ERISA § 502(A)(1)(B)......................... 3

          1.   Plaintiff Does Not Seek Equitable Relief and Therefore
               His Claim for Relief Under Section 502(a)(3) Fails................. 5

          2.   Plaintiff Fails to Allege A Claim on Behalf of the Plan
               and Therefore His Claim for Relief Under Section
               502(a)(2) Fails ........................................................................... 7

     B.   CARLETON'S THIRD CAUSE OF ACTION FOR
          STATUTORY PENALTIES FAILS BECAUSE THE
          COMPLAINT DOES NOT PROVIDE FAIR NOTICE OF
          THE CLAIM OR THE GROUNDS UPON WHICH
          PLAINTIFF BASES HIS CLAIM FOR RELIEF ............................... 9

IV.  CONCLUSION.............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health Inc. v. Davila,* 542 U.S. 200, 215 (2004) ............................................................. 9

*Antolik v. Saks, Inc.,* 463 F.3d 796, 803 (8th Cir.2006) ............................................................. 5

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007) ........................................ 1, 5, 10

*Conley v. Gibson,* 355 U.S. 41, 47 (1957) .................................................................................. 9

*Coyne & Delaney Co. v. Blue Cross & Blue Shield of Va., Inc.* 102 F.3d 712 ......................... 8

*Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 418, n.4 (CA6 1998) ................................. 8

*Firestone Tire & Rubber Co. v.Brunch,* 489 U.S. 101, 115 (1989) ........................................... 9

*Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir. 1997) ........................................................... 1

*Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir.1997) .................................... 1, 4, 6

*Horan v. Kaiser Steel Ret. Plan,* 947 F.2d 1412, 1417-18 (9th Cir.1991) ................................. 8

*Korotynska v. Metropolitan Life Ins. Co.,* 474 F.3d 101, 106–107 (4th Cir. 2006) .................. 5

*Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134 (1985) ..................................... 1, 4, 8

*Mertens v. Hewitt Associates,* 508 U.S. 248, 255-258 (1993) ................................................... 7

*Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284, 1287-88 (11th Cir.2003) ............ 5

*Papasan v. Allain,* 478 U.S. 265, 286 (1986) ............................................................................ 9

*Parker v. BankAmerica Corp.,* 50 F.3d 757, 768 (9th Cir.1995) .............................................. 8

*Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.* 40 F.3d 247, 251 (CA7 1994) .... 9

*Steelman v. Prudential Ins. Co. of America,* 2007 WL 2009805 (E.D.Cal. 2007) ............. 1, 11

*Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610-11 (5th Cir.1998) .................................. 5, 6

*Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996) ............................................................... 1, 4, 5

*Wald v. Sw. Bell Corp. Customcare Medical Plan,* 83 F.3d 1002, 1006 (8th Cir.1996) ........... 6

*Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 615-16 (6th Cir.1998) ..................... 5, 6

**Statutes**

29 U.S.C. § 1132(a)(3) ............................................................................................................... 7
Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 9
Federal Rule of Civil Procedure 8(a)(2) ............................................................................... 9, 10

- iii -

United States Code § 1132(a)(1)(B) .................................................................................... 1, 2

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed.2004) FN1 .................................................................................................................................... 10
5 Wright & Miller Section 1202, at 95, 95 [Rule 8(a)] ............................................................ 11
Cal. Fed. Civ. Proc. Before Trial, § 9:233 ............................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff David Carleton ("Carleton" or "Plaintiff") improperly seeks two bites at the apple by asserting identical damages under multiple causes of action. Carleton's Second Cause of Action for Breach of Fiduciary Duty is not appropriate under ERISA § 502(a)(3) because ERISA § 502(a)(1)(B) provides an available adequate remedy in this case if Carleton prevails on his claim for recovery of benefits. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997); *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Alternatively, Carleton's Second Cause of Action for Breach of Fiduciary Duty is improper under ERISA § 502(a)(2) because Plaintiff does not seek benefits on behalf of the plan. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134 (1985).

Further, Carleton's Third Cause of Action for Statutory Penalties fails as matter of law because as pled, the claim fails to provide "fair notice" of the nature of the claim and the "grounds" on which the claim rests and therefore should be dismissed. *Steelman v. Prudential Ins. Co. of America,* 2007 WL 2009805 (E.D.Cal. 2007); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

## II. FACTUAL BACKGROUND

### A. CARLETON'S COMPLAINT AND FIRST CAUSE OF ACTION "FOR BENEFITS DUE UNDER THE DEFENDANT ERISA PLAN"

Carleton's First Cause of Action is "For Benefits Due Under the Defendant ERISA Plan." (Complaint, ¶ 3-10.) Carleton was employed by The Gap Inc. and a covered beneficiary under its long term disability plan (the "Plan") insured by Prudential. (Complaint, ¶ 4-5). Plaintiff alleges that to date, he remains "totally disabled within the meaning of the terms of the Plan." (Complaint, ¶ 6.) Plaintiff claims, "Defendants have failed and refused to pay to plaintiff disability benefits to which he is entitled under the terms of the Plan." (Complaint, ¶ 7.)

Carleton contends that he "has fulfilled every condition and has duly

performed each and every obligation" required under the terms of the plan and "at all relevant times has been entitled to payment of disability benefits" under the plan. (Complaint, ¶ 8.)

Carleton alleges that Defendants " breached their obligations to plaintiff" when they "unreasonably and wrongfully failed to conduct a proper investigation and review prior to terminating payment of plaintiff's benefits and by failing to conduct a full and fair review of plaintiff's claim and the denial of his benefits as required by ERISA." (Complaint, ¶ 9.)

Carleton alleges that "[a]s a direct and proximate result of defendant's conduct, as alleged herein, [he] has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses." (Complaint, ¶ 10.)

Plaintiff's First Cause of Action asserts an ERISA claim for benefits under the plan.

### B.   CARLETON'S SECOND CAUSE OF ACTION - "FOR BREACH OF FIDUCIARY DUTY"

Carleton's Second Cause of Action is "For Breach of Fiduciary Duty." (Complaint, ¶ 12-13.) Carleton asserts that "Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of Plan benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries." (Complaint, ¶ 12.)

Carleton lists his damages stemming from the alleged "Breach of Fiduciary Duty" as identical damages to those stemming from his First Cause of Action "For Benefits Due Under the Defendant ERISA Plan". Carleton again asserts that he has "suffered and will continue to suffer losses compensable under ERISA,

including but not limited to loss of disability benefits, interest on those benefits, and attorneys' fees and expenses." (Complaint, ¶ 13.)

Plaintiff's Second Cause of Action improperly attempts to reiterate his ERISA claim for benefits under the plan as a separate and additional claim for breach of fiduciary duty.

### C.  CARLETON'S THIRD CAUSE OF ACTION - "FOR STATUTORY PENALTIES"

Carleton's Third Cause of Action is for "For Statutory Penalties." (Complaint, ¶ 14-15.) Carleton states that he "requested that the Plan and its Administrator provide documents and information in accordance with the obligations under ERISA." Carleton goes on to allege that "Defendant failed and refused to do so for more than 30 days, up to and including the present time". (Complaint, ¶ 15.)

This claim fails to give defendant "fair notice" of the nature of the claim and also fails to provide the "grounds" upon which the claim rests. The claim fails to give fair notice with regards to which documents plaintiff is referring to and when and to whom these requests for documents were made. The claim as pled does not afford defendant an opportunity to respond and therefore the claim should be dismissed.

### D.  THE ERISA PLAN

Carleton is a participant in an ERISA employee welfare benefit plan, the 504 Gap, Inc. Disability Plans ("the Plan"). (Complaint, ¶ 3). The Plan is administered by Carleton's former employer, Gap, Inc. (Complaint, ¶ 4).

### III.  LEGAL ANALYSIS

#### A.  CARLETON'S CLAIM FOR BREACH OF FIDUCIARY DUTY IS IMPROPER BECAUSE HE HAS AN ADEQUATE REMEDY ALREADY AVAILABLE UNDER HIS FIRST CAUSE OF ACTION FOR RECOVERY OF EMPLOYEE BENEFITS PURSUANT TO ERISA § 502(A)(1)(B)

Carleton's Second Cause of Action for Breach of Fiduciary Duty is devoid

of the grounds on which plaintiff seeks such recovery. There are two provisions of ERISA that permit claims for breach of fiduciary duty, ERISA §§ 502(a)(2) and 502(a)(3). As plaintiff has failed to specify which section he relies on in bringing this claim, defendant will address why both are improper. Plaintiff is not entitled to recovery pursuant to ERISA § 502(a)(2) because damages sought under this provision must inure to the benefit of the plan and not to a single person's benefit. See *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134 [held that § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries]. Further, Plaintiff cannot maintain his claim under ERISA § 502(a)(3) while simultaneously seeking relief under ERISA § 502(a)(1)(B). See *Varity Corp,* 516 U.S. at 515; *Forsyth,* 114 F.3d at 1475 [court found no § 502(a)(3) claim available where plaintiffs could pursue a claim for benefits].

The civil enforcement provisions of ERISA, governed generally by ERISA § 502, 29 U.S. §1132. Section 1132 of 27 U.S.C. provides, in relevant part:

(a)   Persons empowered to bring a civil action

A civil action may be brought –

(1)   by a participant or beneficiary (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2)   by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3)   by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

- 4 -
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

§ 502(a)(1)(B) governs claims for the alleged wrongful denial of benefits. See *Varity Corp*, 516 U.S. at 512. § 502(a)(2) refers specifically to fiduciary obligations related to the plans' financial integrity. *Id.* While, § 502(a)(3) is a "catchall" provision under which claims for equitable relief may be pursued. *Id.*

### 1. Plaintiff Does Not Seek Equitable Relief And Therefore His Claim For Relief Under Section 502(A)(3) Fails

In his Complaint, Plaintiff seeks relief under both § 502(a)(1)(B) - in which he seeks to recover benefits he alleges are due him under the terms of the employee welfare benefit plan, and Plaintiff also potentially seeks relief under § 502(a)(3) - where he seeks equitable relief declaring him entitled to the benefits he claims are due under the plan. Section 502(a)(3) is typically referred to as a "catchall" provision, allowing relief for breach of fiduciary duty where "appropriate," meaning only where no other adequate relief is provided by ERISA. See *Croskey, et al.,* Cal. Insurance Lit. (Rutter Group 2007), § 6:1715; *Varity Corp.*, 516 U.S. at 515; *Ford v. MCI Communications Corp. Health & Welfare Plan,* 399 F.3d 1076, 1083 (9th Cir. 2005) [court refused relief under "catchall" provision where plaintiff asserted specific claims under other ERISA provisions]; *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–107 (4th Cir. 2006) [citing cases holding equitable relief not appropriate to seek review of benefits denials].

The Supreme Court has limited the applicability of §502(a)(3) to beneficiaries who may not avail themselves of §502's other remedies. See *Varity Corp.*, 516 U.S. at 489. A majority of circuit courts, in interpreting *Varity* have held that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). See, e.g., *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir.2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir.2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610-11 (5th Cir.1998); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir.1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th

Cir.1997); *Wald v. Sw. Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir.1996).

These courts have not allowed claimants to proceed with § 502(a)(3) claims where relief was potentially available to them under § 502(a)(1)(B). *Wilkins*, 150 F.3d at 615. These courts have held that a plaintiff whose injury consists of a denial of benefits "has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under Section 1132(a)(1)," and thus "relief through the application of Section 1132(a)(3) would be inappropriate." *Tolson,* 141 F.3d at 610. To allow a claim under § 1132(a)(3) would permit "ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Wilkins*, 150 F.3d at 616.

In the instant action, Plaintiff seeks exactly that which the Supreme Court has rejected, to characterize his claim for denial of benefits as a breach of fiduciary duty. Carleton claims identical damages in both his first and second causes of action, alleging repeatedly that "[he] has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of disability of benefits, interest on those benefits, and attorneys' fees and expenses." (Complaint ¶ 10 & ¶ 13.) Plaintiff in the instant action has appropriate redress for his alleged damages under his First Cause of Action for Benefits Due Under the Defendant ERISA Plan. (Complaint, First Cause of Action.). Allowing him to seek identical relief for Breach of Fiduciary Duty under his Second Cause of Action is "inappropriate" in the instant action, where an adequate available remedy is already provided under ERISA.

Additionally, Plaintiff's "make whole" relief sought under his claim for Breach of Fiduciary Duty is not equitable within the meaning of § 502(a)(3). The plain language of § 502(a)(3) enables courts to grant only injunctions against any violation of ERISA or the terms of the plan; or "other appropriate equitable relief"

- 6 -

to redress such violations or to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Further, the Courts have held that § 502(a)(3) authorizes only "equitable" relief. See *Mertens v. Hewitt Associates,* 508 U.S. 248, 255-258 (1993) [holding that compensatory damages and punitive damages are not "equitable relief" within the meaning of subsection (3)]. Plaintiff's damages sought as a result of the alleged Breach of Fiduciary Duty Claim are exactly that which are improper under § 502(a)(3), for Plaintiff seeks compensatory damages. Plaintiff asserts monetary damages in the form of "loss of disability benefits, interest on those benefits and attorney's fees and expenses." (Complaint ¶ 13.) As Plaintiff does not seek an equitable remedy, he has no claim under § 502(a)(3) and therefore the claim should be dismissed.

### 2. Plaintiff Fails To Allege A Claim On Behalf Of The Plan And Therefore His Claim For Relief Under Section 502(A)(2) Fails

Section § 502(a)(2) of ERISA provides that a "civil action may be brought ... by a participant, beneficiary or fiduciary for appropriate relief under section [409] of this title...." 29 U.S.C. § 1132(a)(2). Section 409 states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. 29 U.S.C.A. § 1109.

For the reasons discussed herein, plaintiff fails to state a cause of action pursuant to Section 1109.

It is well established that an "individual beneficiary may bring a fiduciary

- 7 -

breach claim, but must do so for the benefit of the plan ." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. at 144. Any recovery for a violation of Section 409 must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries. *Horan v. Kaiser Steel Ret. Plan*, 947 F.2d 1412, 1417-18 (9th Cir.1991), citing *Massachusetts Mut. Life Ins. Co.*, 473 U.S. at 140. See also *Parker v. BankAmerica Corp.*, 50 F.3d 757, 768 (9th Cir.1995) ("Although individual beneficiaries may bring a breach of fiduciary duty claim against an ERISA plan administrator, they must do so for the benefit of the plan.")

In the instant case, the complaint as worded reveals that plaintiff seeks recovery for injuries that are specific to him as an individual and in no way affect the plan. Carleton claims "loss of disability benefits, interest on those benefits, and attorney's fees and expenses. (Complaint ¶ 13.) These damages are clearly plan derived benefit claims that are personal to Carleton and therefore plaintiff's claim under § 502(a)(2) is improper.

Further, several Courts of Appeals have prevented plaintiffs from recasting what are in essence plan-derived benefit claims that should be brought under §502(a)(1)(B) as claims for fiduciary breaches under §502(a)(2). See, *Coyne & Delaney Co. v. Blue Cross & Blue Shield of Va., Inc.* 102 F.3d 712, 714 (CA4 1996). These courts have held that allowing a § 501(a)(1)(B) claim to be recast as one under § 502(a)(2) presents the potential for plaintiffs to circumvent safeguards for plan administrators that have developed under § 502(a)(1)(B). For example, most Courts of Appeal recognize that under § 502(a)(1)(B), a participant must exhaust the administrative remedies mandated by ERISA § 503, 29 U.S.C. § 1133, before filing suit under § 502(a)(1)(B). *See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418, n.4 (CA6 1998) (citing cases). Equally as significant, the Supreme Court has held that ERISA plans may grant administrators and fiduciaries discretion in determining benefit eligibility and the meaning of plan terms, decisions that courts may review only for an abuse of discretion. *Firestone Tire &*

- 8 -

1  *Rubber Co. v.Brunch*, 489 U.S. 101, 115 (1989).

2  These safeguards encourage employers and others to undertake the voluntary
3  steps of providing medical and retirement benefits to plan participants. *See Aetna*
4  *Health Inc. v. Davila,* 542 U.S. 200, 215 (2004). Allowing a claim for benefits
5  under a plan under the guise of a claim for breach of fiduciary duty under
6  §502(a)(2), rather than as a claim for benefits "under the terms of [the] plan"
7  pursuant to § 502(a)(1)(B), may result in circumventing plan terms. As Plaintiff
8  does not assert a claim on behalf of the plan, he has no claim under § 502(a)(2) and
9  therefore the claim should be dismissed.

10  **B.    CARLETON'S THIRD CAUSE OF ACTION FOR STATUTORY PENALTIES FAILS BECAUSE THE**
11  **COMPLAINT DOES NOT PROVIDE FAIR NOTICE OF THE CLAIM OR THE GROUNDS UPON WHICH PLAINTIFF**
12  **BASES HIS CLAIM FOR RELIEF**

13  Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for
14  failure to state a claim for relief. Rule 12(b)(6) does not stand in isolation from
15  other Federal Rules of Civil Procedure and must be read in conjunction with the
16  other rules governing pleadings, principally Rule 8(a). Federal Rule of Civil
17  Procedure 8(a)(2) requires only "a short and plain statement of the claim showing
18  that the pleader is entitled to relief," in order to "give the defendant fair notice of
19  what the... claim is and the grounds upon which it rests. *Conley v. Gibson*, 355
20  U.S. 41, 47 (1957).

21  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
22  need detailed factual allegations, *Id; Sanjuan v. American Bd. Of Psychiatry and*
23  *Neurology, Inc.* 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligations to provide
24  the "grounds" of his entitle[ment] to "relief" requires more than labels and
25  conclusions, and a formulaic recitation of the elements of a cause of action will not
26  do. See *Papasan v. Allain*, 478 U.S. 265, 286 (1986) [on a motion to dismiss,
27  courts "are not bound to accept as true a legal conclusion couched as a factual
28  allegation"].

- 9 -

The Supreme Court recently held that in order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court upheld the notion that while a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. The Court went on to say that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 1965 n. 3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. *Id.* "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action ." Id. at 1965, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed.2004) FN14.

As currently worded, Plaintiff's Third Cause of Action is exactly that, a statement of facts that merely create a suspicion of a right of action. Plaintiff's Third Cause of Action in total asserts that "Plaintiff, through his designated representative, duly requested that the Plan and its Administrator provide documents and information in accordance with their obligations under ERISA. Defendants failed and refused to do so for more than 30 days, up to and including the present time." (Complaint, ¶ 15.). By alleging these facts, Plaintiff merely provides vague background on the events that led to the filing of this complaint and fails to provide any grounds for relief. As indicated above, the pleading must contain more in order to survive a motion to dismiss. The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964-65. In the instant action, Defendant is left to speculate as to several factors, including what documents were requested, what information was

requested, to whom the requests were made, and when such requests were made. "[W]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing, not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Id.* at 1965. *See also* 5 Wright & Miller Section 1202, at 95, 95 [Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bar averment that he wants relief and is entitled to it"].

In the instant action, Carleton does exactly that which the Court has attempted to prevent. Carleton simultaneously fails to identify how defendant violated an ERISA provision and fails to provide factual allegations that give rise to relief. Namely, as stated above, Carleton fails to state what "documents and information" were requested, to whom the request was directed, and when these requests were made. Plaintiff's complaint does not give Defendant sufficient notice of the nature of the claim, the grounds upon which the claim rests or the relief sought and therefore the claim should be dismissed. See *Steelman v. Prudential Ins. Co. of America,* 2007 WL 2009805 (E.D.Cal. 2007) [where the complaint failed to sufficiently allege how defendant's actions violated a plan term or ERISA, the court found that although plaintiffs created a suspicion of a legally cognizable claim, the complaint needed to contain more in order to survive a motion to dismiss].

## IV.  CONCLUSION

Based on the foregoing, Carleton's Second Cause of Action For Breach of Fiduciary Duty should be dismissed with prejudice because ERISA provides an available adequate remedy in this case if Carleton prevails on his claim for recovery of benefits. Further, Carleton's Third Cause of Action For Statutory Penalties fails to give Defendant fair notice of what plaintiff's claims are and the

/ / /

grounds upon which those claims rest, such that Defendant cannot frame a response. Based on the law as stated, both Plaintiff's Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Statutory Damages should be dismissed.

Dated: April 3, 2008                                    GORDON & REES LLP


                                                         By:  /s/ Ronald K. Alberts
                                                              RONALD K. ALBERTS
                                                              TAD A. DEVLIN
                                                              Attorneys for Defendants