JULIAN M. BAUM (CA State Bar No. 130892)
THOMAS J. FUCHS
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
David Carleton

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARLETON, an individual, | ) Case No. CV 07-5924 (JSW) |
| Plaintiff, | ) |
| v. | ) PLAINTIFF'S **OPPOSITION** TO DEFENDANTS' MOTION TO DISMISS |
| | ) [Fed. R. Civ. P. 12(b)(6) |
| 504 GAP, INC. DISABILITY PLANS and THE GAP, INC., in its capacity as Plan Administrator, | ) Date: May 16, 2008 |
| | ) Time: 9:00 a.m. |
| | ) Courtroom: Hon. Jeffrey S. White |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff David Carleton respectfully submits his Opposition to Defendants' Motion To Dismiss dated April 3, 2008, in accordance with the Court's Order Setting Briefing Schedule dated April 4, 2008.

///

///

## I. INTRODUCTION

This is a relatively straightforward action to recover disability insurance benefits and related equitable relief under an employee welfare benefits plan and group health insurance policy. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. ("ERISA").

Plaintiff David Carleton was an employee of defendant The Gap, Inc., prior to his injury and disability, and a participant in its benefits plans. Defendant 504 Gap, Inc. Disability Plans (the "Plan") is an employee welfare benefits plan within the meaning of ERISA, 29 U.S.C. §§ 1002 and 1003. The Gap, Inc. is a party defendant solely in its capacity as the formal Plan Administrator and fiduciary of the Plan, and not in its capacity or as a result of its status as Mr. Carleton's former employer.

Plaintiff respectfully submits that defendants' motion should be denied, and will address each Claim for Relief in turn.

## II. PLAINTIFF'S FIRST CLAIM FOR RECOVERY OF HIS DISABILITY BENEFITS UNDER THE PLAN

Plaintiff's First Claim for Relief is for recovery of his disability insurance benefits. It arises under 29 U.S.C. § 1132(a)(1)(B), which provides a private cause of action by a benefit plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendants do not challenge this claim. Rather, they contend that plaintiff's action to recover his benefits, and the potential remedies which the Court may order, are limited to this first claim only.

## III. PLAINTIFF'S SECOND CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiff's Second Claim for Relief is commonly styled as for breach of fiduciary duty. It arises under 29 U.S.C. §1132(a)(3), which provides that a plan beneficiary or participant may sue "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

1    Plaintiff does not plead this cause of action to seek (nor could he obtain) a double recovery or, as defendants style it, "two bites at the apple by asserting identical damages under multiple causes of action." Rather, under this section of ERISA, plaintiff seeks equitable relief which the Court, at trial, may determine is necessary and appropriate to prevent its judgment from being illusory and unenforceable.

This may sound a bit opaque, and is the result of technicalities peculiar to ERISA. This Court recently and concisely reviewed the relevant law in *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108 (N.D. Cal. 2007). In sum, the Supreme Court and the Ninth Circuit have held that a plaintiff may state a claim for equitable remedies under Section 1132(a)(3) on his own behalf, and not necessarily on behalf of the Plan or all of its participants, but only in cases where the plaintiff does not have an "adequate remedy" by way of his claim for benefits under Section 1132(a)(1)(B). *Id.* at 1112. In *Caplan,* the Court declined to dismiss plaintiff's claims for equitable remedies at the pleading stage, over defendants' objection that plaintiff's Section 1132(a)(1)(B) claims for disability benefits were "adequate" as a matter of law. Rather, the Court reserved that issue for its consideration at trial, upon a full record.

In this case, as in many ERISA cases, the Plan does not pay disability benefits from its own assets (as would a so-called "self-insured" plan). Rather, it purchased a group disability insurance policy, and benefits are payable by the insurer. In the Ninth Circuit, however, disabled beneficiaries may *not* directly enforce the group disability policy or seek payment from the insurer under Section 1132(a)(1)(B). *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108, (N.D. Cal. 2007), citing *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005). *See also Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751, 753-54 (9th Cir. 2001)(holding that beneficiaries may sue the plan and the plan administrator for benefits, but may not sue the plan insurer.) Nor may the plaintiff seek payment from the assets of his former employer, simply because it is also the named Plan Administrator. *Id*.

In most ERISA cases, it is taken for granted that the plan insurer will in fact honor its policy and pay the Court's judgment. However, at trial plaintiff will ask the Court to invoke

1  its equitable powers under Section 1132(a)(3) to include two further equitable remedies in its
2  judgment.  First, a provision that the named defendants shall take all necessary steps to enforce
3  the plan group disability insurance contract with respect to plaintiff's disability benefits.  Second,
4  that the Court will retain jurisdiction in the event that neither the plan insurer nor the named
5  defendants in fact pay the Court's judgment.  *See, e.g.*, Judgment in *King v. CIGNA Corp.*, 2007
6  WL 2288117 at paragraphs 2 and 3 (N.D. Cal. 2007).[1]

7  Plaintiff fully acknowledges and brings to the Court's attention that the Court in
8  *King*, after trial on the full record, distinguished *Caplan* and dismissed the Second Claim for
9  Relief for breach of fiduciary duty under Section 1132(a)(3), noting that "[a]lthough Plaintiff
10 states that, if the Court rules in her favor, she will seek equitable relief if CGLIC refuses to pay,
11 any relief she seeks would not be different than the relief available under section 1132(a)(1)(B)."
12 However, that ruling does not support defendants here.  In *King*, the Court's judgment in fact
13 included the retention of jurisdiction requested by plaintiff, effectively granting the equitable
14 relief she sought under Section 1132(a)(3).  Moreover, in *King*, the Plan insurer (CGLIC) was
15 before the Court, and the Court noted that "the Court's ruling [dismissing another insurer on the
16 benefits claim] is based on counsel's representation at the hearing that CGLIC is responsible for
17 the judgment awarded to Plaintiff as well as any attorneys' fees and costs awarded."  *Id*. at *12.
18 That representation, of course, was made enforceable by the Court's retention of jurisdiction.
19 Lastly, with the Plan insurer before the Court and acknowledging its liability for payment of the
20 Court's judgment, *King* distinguished *Caplan* on the ground that "any [equitable] relief
21 [plaintiff] seeks would not be different than the relief available under section 1132(a)(1)(B)."  *Id*.
22 Here, plaintiff affirmatively seeks additional equitable remedies.

23 As the Court is aware, "a motion to dismiss for failure to state a claim will be
24 denied unless it is 'clear that no relief could be granted under any set of facts that could be
25 proved consistent with the allegations.'"  *Caplan v. CNA Short Term Disability Plan*, 479

---

[1] Case No. C 06-07025, Document No. 74.  A true and correct copy of that Judgment is attached hereto.

F.Supp.2d 1108, 1110 (N.D. Cal. 2007), quoting *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1132 (9th Cir. 2002). For the reasons discussed above, a claim in the Ninth Circuit solely against the Plan and its Administrator (and not against the Plan insurer) for benefits under Section 1132(a)(1)(B) is not necessarily and as a matter of law an "adequate" remedy on the pleadings. Accordingly, the Court should decline to dismiss plaintiff's Second Claim for Relief.

### IV. PLAINTIFF'S THIRD CAUSE OF ACTION FOR STATUTORY PENALTIES UNDER ERISA

ERISA requires that, upon written request of any plan participant, the plan administrator "shall" furnish a copy of certain documents governing the administration of the Plan and claims under the Plan. Those documents include the Summary Plan Description(s) and the claims manual and/or other materials that guide defendant claims personnel in their assessment of disability claims. The failure to do so is deemed to deprive the claimant of the "full and fair review" which the ERISA fiduciaries must conduct in the appeal of the initial denial or termination of disability benefits. 29 CFR § 2560.503-1(h)(1)(ERISA fiduciaries must afford a full and fair review of adverse claims decisions); 29 CFR § 2560.503-1(h)(4)(full and fair review requires production of the specified documents and information); 29 CFR §503-1(h)(2)(iii) (ERISA plan beneficiary entitled to obtain all relevant documents and information in order to appeal adequately an adverse benefit determination); 29 CFR § 2560.503-1(m)(8) (specifying documents and information which shall necessarily be deemed "relevant").

Defendants argue that plaintiff's allegations are too vague, even under the notice-pleading standards of Fed. R. Civ. P. 8, to put them on fair notice of the basis of the claim. In the context of ERISA disability claims, this is a difficult argument to credit. The applicable federal regulations spell out, with particularity, the categories of documents and information that are at issue in claims for statutory penalties under ERISA. 29 C.F.R. §2560.503-1(m)(8).

The applicable law was summarized by the court four years ago in *Berry v. Wise*, 2004 U.S. Dist. LEXIS 10479, 9-14 (D. Or. 2004):

ERISA provides that upon written request of any plan participant, the plan administrator "shall" furnish a copy of certain documents including the "latest updated summary," "plan description," or "other instruments under which the plan is established or operated." *29 U.S.C. ß 1024(b)(4)(footnote omitted)* see *29 U.S.C. ß ß 1021(a)(1) & 1022(a)* (summary plan description); *1025(a)* (statement indicating the total benefits accrued). The penalty provision for failure to disclose, *ß 1132(c)*, provides in pertinent part that, Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

*29 U.S.C. ß 1132(c)(1)(B)*. The maximum penalty was increased to $ 110.00. *29 C.F.R. ß 2575.502c-3*. The purpose of the disclosure provisions of *section 1132* is to ensure that "'the individual participant knows exactly where he stands with respect to the plan.'" *Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 118, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989)* (quoting H.R. Rep. No. 93-533, p. 11 (1973)); *Brown v. Am. Life Holdings, Inc., 64 F. Supp.2d 882, 890 (S. D. Iowa 1998) (ß 1024(b)(4))*. The purpose of the penalty is to "induce plan administrators to comply with ERISA's disclosure provisions, and not to make a participant whole." *Maiuro v. Fed. Express Co., 843 F. Supp. 935, 942 (D.N.J. 1994)* (citing *Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Manville Corp., 803 F.2d 109, 117 (3d Cir. 1986))*; *Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 948 (8th Cir. 1999)*; *Brooks, 1 F. Supp. 2d at 568*.

. . .

The statutory language of *section 1132(c)*, supra, provides for a penalty for a "failure" to provide requested information as well as for a "refusal" to provide information. Therefore, bad faith is not required before a penalty may be assessed. It seems clear that prejudice and/or actual harm are not prerequisites for imposing the statutory penalty, but are factors to be considered both in determining whether to impose a penalty and, if a penalty is imposed, the amount of the penalty. *Kerr, 184 F.3d at 948* (prejudice not prerequisite to award of penalties, but could be considered in assessing the penalty); *Paris v. F. Korbel & Bros., Inc., 751 F. Supp. 834, 839 (N.D. Cal. 1990)*; *Brown, 64 F. Supp.2d at 890*; *Draper v. Baker Hughes Inc., 892 F. Supp. 1287, 1298 (E.D. Cal. 1995)*; *Paris v. Profit Sharing Plan, 637 F.2d at 362*; *Brooks, 1 F. Supp.2d at 568*; *Bouteiller v. Vulcan Iron Works, Inc., 834 F. Supp. 207, 215 (E.D. Mich. 1993)*; see *Crotty v. Cook, 121 F.3d 541, 547 (9th Cir. 1997)*.

   Accordingly, defendants cannot creditably contend that plaintiff's Third Claim for Relief leaves them without "fair notice" of the basis of the claim under Rule 8.

**V.     CONCLUSION**

For these reasons, plaintiff's three claims for relief properly and adequately set forth his relatively straightforward action in this Court to recover his disability insurance benefits and for related equitable relief under ERISA, and should not be dismissed under Rule 12(b)(6) for failure to state a claim.  Plaintiff therefore respectfully requests that the Court deny defendants' motion to dismiss the Second and Third Claims for Relief and permit the case to proceed to resolution on the merits.

Dated:  April 18, 2008                    Respectfully submitted,

                                          JULIAN M. BAUM
                                          BAUM & WEEMS

                                          *Signed by Julian M. Baum*
                                  By:_____
                                          JULIAN M. BAUM
                                          Attorneys for Plaintiff
                                          David Carleton

APPENDIX:

JUDGMENT, DATED AUGUST 24, 2007 [DOCUMENT NO. 74]

*KING V. CIGNA CORPORATION*, et al.

N.D. CAL. NO. C 06-07025 CW

```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF CALIFORNIA


ILENE P. KING,                          No. C 06-07025 CW

          Plaintiff,                    JUDGMENT

     v.

CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY;
ALLTEL TELEPHONE SERVICES LONG TERM
DISABILITY PLAN,

          Defendants.
                                    /
```

This action came on for hearing before the Court, Honorable Claudia Wilken, United States District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED

1.  Judgment is entered in favor of plaintiff Ilene P. King on the First Claim for Relief for benefits due under the defendant ERISA plan, and against defendants Connecticut General Life Insurance Company and Alltel Telephone Services Long Term Disability Plan only, and in the amounts set forth below;

2.  Judgment is entered in favor of defendant CIGNA Corporation on the First Claim for Relief for benefits due under the defendant ERISA plan.  This ruling is based on defendants' representations to the Court that defendant Connecticut General Life Insurance Company shall take responsibility for compliance with the Court's judgment, including an award, if any, of plaintiff's attorneys' fees and costs to be entered subsequent to

this Judgment. The Court retains jurisdiction to amend this Judgment as it deems appropriate in the event that defendant Connecticut General Life Insurance Company does not satisfy the Judgment and/or any award of attorneys' fees and costs as the Court may order;

3. Judgment is entered in favor of defendants CIGNA Corporation, Connecticut General Life Insurance Company, and Alltel Telephone Services Long Term Disability Plan on the Second Claim for Relief for breach of fiduciary duty;

4. Judgment is entered in favor defendants CIGNA Corporation and Connecticut General Life Insurance Company on the Third Claim for Relief for statutory penalties;

5. Plaintiff shall recover from defendant Connecticut General Life Insurance Company the long term disability benefits, due under the subject employee welfare benefit plan and insurance policy, from March 9, 2006 through the benefit due in August of 2007. These long term disability benefits total $20,762.10. Plaintiff also shall recover prejudgment interest on the past due benefits, at the interest rate specified by 28 U.S.C. Section 1961, in the total amount of $733.52.

6. Defendant Connecticut General Life Insurance Company shall pay the total sum of $21,495.62, representing the long term disability benefits due plaintiff plus prejudgment interest, within 14 days of the entry of this Judgment.

7. Plaintiff shall recover her costs of action from Defendants Connecticut General Life Insurance Company and the Alltel Telephone Services Long Term Disability Plan. Defendant CIGNA Corporation shall bear its own costs.

8. Plaintiff's benefits shall be restored immediately and defendants Connecticut General Life Insurance Company and the Alltel Telephone Services Long Term Disability Plan (or its legal successor) are ordered to pay plaintiff's disability benefits in the future until and unless new facts indicate that Plaintiff no longer meets the definition of disability under the long-term disability plan.  Plaintiff's benefits may be terminated, if appropriate in the future, only in accordance with the applicable Plan documents.

9. Motions for attorneys' fees and expenses shall be filed within 14 days after entry of this Judgment.

10. The Court retains jurisdiction for the purposes of interpretation, amendment or enforcement of this Judgment.

Dated at Oakland, California, this 24th  day of August, 2007.

```
                                    RICHARD W. WIEKING
                                    Clerk of Court


                               By:  _____
                                    SHEILAH CAHILL
                                    Deputy Clerk
```

**United States District Court**
For the Northern District of California