```
RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
```

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARLETON, an individual,<br><br>                Plaintiff,<br><br>  v.<br><br>504 GAP, INC. DISABILITY PLANS and THE GAP, INC., in its capacity as Plan Administrator,<br><br>                Defendants. | Case No. CV 07-5924 (JSW)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Motion Date: May 16, 2008<br>Motion Time: 9:00 a.m.<br>Courtroom: 2<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Defendants submit this reply brief in support of their motion to dismiss plaintiff David Carleton's ("Carleton" or "Plaintiff") Second Cause of Action for Breach of Fiduciary Duty and Third Cause of Action for Statutory Penalties.

Plaintiff's opposition fails to respond to Defendants' motion to dismiss and its legal points and authorities. Instead, Plaintiff's opposition asserts a new equitable remedy sought in the form of injunctive relief to prevent the Court's

PRU/1048432/5613440v.1

- 1 -

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL SUMMARY ..................................................................................... 2

III. ARGUMENT AND AUTHORITY .................................................................... 4

    A. CARLETON HAS AN ADEQUATE REMEDY UNDER ERISA FOR RECOVERY OF BENEFITS UNDER THE PLAN AND ACCORDINGLY THE DUPLICATIVE RELIEF SOUGHT UNDER HIS BREACH OF FIDUCIARY DUTY CLAIM FAIL AS A MATTER OF LAW ........................................... 4

    B. PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES FAILS TO RAISE A RIGHT TO RELIEF ABOVE THE SPECULATIVE LEVEL AND THEREFORE FAILS AS A MATTER OF LAW ............................................................................ 8

IV. CONCLUSION .................................................................................................. 11

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

# TABLE OF AUTHORITIES

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

judgment from being "illusory and unenforceable". Plaintiff attempts to use the potential need for this equitable remedy to justify his breach of fiduciary duty claim. Defendants find this both nonsensical and offensive to notions of federal jurisprudence. Plaintiff's implication that the Court may need injunctive relief to uphold the Court's own judgment -- should one be entered against Defendants -- is bewildering. As the Court has adequate remedies at law for violation of a Court order, Plaintiff's new argument is nonsensical.

Plaintiff has a straightforward claim against Defendants for recovery of benefits under the Plan. That is it. Plaintiff's breach of fiduciary duty claim asserts duplicative remedies as those sought under Plaintiff's claim for benefits and accordingly the claim should be dismissed. Plaintiff's opposition does not dispute that where relief sought under section 1132(a)(1)(B) and section 1132(a)(3) is duplicative, the claim for breach of fiduciary duty will fail as a matter of law.

In addition to Plaintiff's nonsensical argument regarding equitable remedies, Plaintiff's opposition cites a string of irrelevant cases in an attempt to support his claim for statutory penalties. Plaintiff's reliance on cases that discuss the obligations of a claims administrator to produce documents requested after termination of benefits does not address the vague and ambiguous nature of the claim as pled. While clarity regarding the statutory basis for Plaintiff's claim is a start, and provides more information then that pled in the Complaint, Plaintiff wholly fails to address Defendants' argument that the claim is vague and ambiguous with regards to the factual basis of the claim. As a result, Plaintiff has failed to provide adequate notice regarding the basis of his statutory penalties claim and accordingly, Defendants cannot properly respond to the allegations. Plaintiff's claim for statutory penalties fails as a matter of law.

Defendants' motion to dismiss should be granted in total.

## II. FACTUAL SUMMARY

Carleton incorrectly asserts that Defendants' denial of benefits under the

plan was improper. Carleton has an adequate remedy for this alleged wrong in his First Cause of Action for Recovery of Benefits Due Under the Defendant ERISA Plan.

Carelton's Second Cause of Action for Breach of Fiduciary Duty seeks identical relief to that sought under his claim for benefits. <u>Plaintiff's opposition concedes that Plaintiff can not obtain a double recovery by asserting identical damages under multiple causes of action.</u> (Plaintiff's Opposition 3:1-3). Under both his first and second cause of action, Plaintiff claims verbatim that he *"has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses."* (Complaint, ¶ 10 and ¶ 13). Plaintiff's opposition completely ignores the plain language of his own Complaint and attempts to justify the breach of fiduciary duty claim by asserting that a new equitable remedy – injunctive relief, which allows the Court to enforce its own judgment – will be sought at the time of trial. This assertion is specious and does not provide a basis to withstand Defendant's motion to dismiss.

Carleton's Third Cause of Action for Statutory Penalties is premised on the basis that at some point in time, someone made a request on behalf of Plaintiff to some unknown person or entity, who in turn allegedly failed to produce some unknown documents and/or information. This assertion epitomizes a vague and ambiguous claim and fails to afford Defendants an opportunity to respond. Defendant's motion to dismiss specified the factual information that would clarify the basis for Plaintiff's claim, such that a responsive pleading could be generated. Plaintiff completely ignores this aspect of Defendant's Motion and instead responds by citing to irrelevant case law that sets forth the general guidelines for Statutory Penalties under ERISA. The claim remains too vague and ambiguous as pled to raise a right to relief above the speculative level.

/ / /

## III. ARGUMENT AND AUTHORITY

At most, Carleton has an individual claim for recovery of his benefits under the plan. Defendants' Motion to Dismiss does not challenge this claim. Rather, Defendants' Motion properly seeks dismissal of Carleton's claims for breach of fiduciary duty and statutory penalties as pled.

### A. CARLETON HAS AN ADEQUATE REMEDY UNDER ERISA FOR RECOVERY OF BENEFITS UNDER THE PLAN AND ACCORDINGLY THE DUPLICATIVE RELIEF SOUGHT UNDER HIS BREACH OF FIDUCIARY DUTY CLAIM FAIL AS A MATTER OF LAW

Plaintiff for the first time in his opposition clarifies that his claim for breach of fiduciary duty is brought under Section 1132(a)(3) of ERISA. Defendant will therefore focus on why Plaintiff's claim fails under this provision and will not re-address why the claim also fails under Section 1132(a)(2).

Plaintiff admits that where a claim under Section 1132(a)(3) seeks the same remedies as a claim under Section 1132(a)(1)(B), then the claim for equitable relief fails. (Plaintiff's opposition, 3:8-12.) However, Plaintiff attempts to distinguish this case from the above-referenced scenario by claiming that he seeks different remedies under his first and second causes of action. In support of his argument, Plaintiff asserts that at trial, he will seek equitable relief, which the Court may determine is necessary and appropriate to "prevent its judgment from being illusory and unenforceable". (Plaintiff's opposition, 3:3-5.) Not only is this remedy no where pled in the Complaint, but the premise of this statement is flawed and ignores the power of the federal courts to enforce their own judgments.

First and foremost, on the face of his Complaint, Plaintiff's Second Cause of Action "For Breach of Fiduciary Duty" seeks relief in the form of compensatory damages. Carleton asserts that he has "suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of disability benefits, interest on those benefits, and attorneys' fees and expenses." (Complaint, ¶ 13.) Defendant is unable to grasp the equitable nature of these damages as pled.

Plaintiff clearly asks for compensatory damages under his breach of fiduciary duty claim, which are identical to the compensatory damages sought under Plaintiff's First Cause of Action "For Benefits Due Under the Defendant ERISA Plan." (Complaint, ¶ 10.) As Plaintiff himself points out, this claim is a straightforward action to recover disability insurance benefits. (Plaintiff's opposition, 2:2.)

Further, Plaintiff's notion that the Court's judgment may be "illusory and unenforceable" seems to bewilderingly suggest that the Court might not be able to enforce its own judgment, should one be entered against Defendants. Plaintiff goes on to say that "[i]n most ERISA cases, it is taken for granted that the plan insurer will in fact honor its policy and pay the Court's judgment." (Plaintiff's opposition, 3:27-28). Plaintiff again suggests that somehow the Court may be unable to enforce its own judgment. Plaintiff himself states that a request for equitable relief at the time of trial to enforce a judgment "may sound a bit opaque". (Plaintiff's Opposition, 3:6). This is precisely Defendants' reaction. In looking at Plaintiff's proposition on a larger scale, it seemingly suggests that in any lawsuit where an award for damages is granted, that court would also need to grant injunctive relief in order to ensure that the judgment for damages is upheld. Not only would this clog the court system because a case could never be closed, but the idea of a court needing additional protective measures to enforce its own judgment is squarely at odds with the court system, where there is already an adequate and available remedy at law when a party violates a court order.

Aside from Plaintiff's nonsensical argument regarding the Court's ability to enforce its own judgments, Plaintiffs reliance on *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108 (N.D. Cal. 2007) is misplaced. The Court in *Caplan* actually dismissed plaintiff's claim under section 1132(a)(3) to the extent that it was duplicative of the plaintiff's section 1132(a)(1)(B) claim. *Id.* at 1112. This is exactly what Defendants in the instant action ask of the Court. Plaintiff attempts to use *Caplan* for the Court's holding that it would be "premature" to

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

dismiss a plaintiff's claim under 1132(a)(3) where the equitable relief sought under section 1132(a)(3) may be different than the relief available to the plaintiff under the section 1132(a)(1)(B) claim alone. *Id.* at 1113. However, in the instant case, on the plain face of his Complaint, Plaintiff asks for the identical relief under section 1132(a)(3) as he asks for under his section 1132(a)(1)(B) claim. Under both claims, Plaintiff repeatedly alleges that he "has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of his disability benefits, interest on those benefits, and attorneys' fees, and expenses." (Complaint, ¶ 10 and ¶ 13). Under both claims, Plaintiff seeks to recover benefits under the plan. Plaintiff himself in his opposition reiterates that this is a "straightforward action to recover disability benefits". (Plaintiff's opposition, 2:2). This is exactly what led the Court the dismiss the plaintiff's breach of fiduciary duty claim in *Caplan*. *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108, 1113 (N.D. Cal. 2007).

In the instant action, we have a straight forward claim for benefits due under the plan. The Supreme Court, the Ninth Circuit and the Northern District of California have all held that a plaintiff may state a claim for equitable relief under section 1132(a)(3), but only where the plaintiff does not have an "adequate remedy" by way of his claim for benefits under section 1132(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *Forsyth v. Humana, Inc.*, 114 F.3d, 1467, 1474 (9th Cir.1997); *Caplan Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108, 1112 (N.D. Cal. 2007).

Plaintiff additionally cites to the very applicable holding in *King v. CIGNA Corp.*, 2007 WL 2288117 (N.D. Cal.2007). In *King,* where the *only issue* was plaintiff's claim for disability benefits, the Court held that plaintiff's claim for breach of fiduciary duty under ERISA failed as a matter of law. *Id.* at *12. (emphasis added) Plaintiff's breach of fiduciary duty claim in *King,* is identical to the Plaintiff's claim in the instant action. In fact, one could surmise that Plaintiff

in the instant action took the language behind his breach of fiduciary duty claim directly from the language in the *King* case. In the both cases, Plaintiff alleges verbatim that "Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of [Plan] benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries." (Complaint, ¶ 12.); *See also King* at *12. The Court in *King* held that this exact claim failed as a matter of law when accompanied by a claim for benefits. *Id.* at *12. Defendants respectfully request that in line with the holding in *King*, this Court find that Plaintiff's claim for breach of fiduciary duty fails as a matter of law and therefore must be dismissed.

Plaintiff attempts to distinguish the *King* case by stating that despite the Court's dismissal of the breach of fiduciary duty claim, the Court maintained the jurisdiction requested by Plaintiff. (Plaintiff's opposition, 4:12-13.) Defendant is unable to grasp how this bolsters Plaintiff's argument. The prevailing point to be taken from the holding in *King* is that the Court dismissed plaintiff's breach of fiduciary duty claim as it failed as a matter of law. *King* at *13. The Court simultaneously maintained jurisdiction to "amend the Judgment" if necessary. *See* Judgment in *King v. CIGNA Corp.*, 2007 WL 2288117 at paragraphs 2 and 3 (N.D. Cal.2007) (attached as an appendix to Plaintiff's opposition). The Court in *King* exercised the power entrusted to all courts as a matter of law, the power to enforce their own judgments. Plaintiff does not need an equitable remedy to ensure that the Court will enforce its own judgment in the instant action and to suggest otherwise would be offensive to the Court. Just as the Court in *King* was able to dismiss the breach of fiduciary duty claim and still maintain the power to enforce its judgment regarding benefits due under the plan, Plaintiff can rest assured that the Court's powers have not changed since the holding in *King* came down.

- 7 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

      Contrary to Plaintiff's attempts to differentiate the *King* case, Defendants point out that similarly in *King* the plaintiff alleged that if the Court ruled in her favor, she would seek equitable relief if the plan administrator refused to pay. *King v. CIGNA Corp.*, 2007 WL 2288117 at *12 (N.D. Cal.2007). In response, the Court in *King* ruled that because plaintiff's claim was a straightforward claim for disability benefits, any relief sought by plaintiff under her claim for equitable relief would not be different than the relief available under section 1132(a)(1)(B). *Id.* The Court accordingly dismissed plaintiff's claim for breach of fiduciary duty, holding that it failed a matter of law. *Id.* The Court's holding in *King* mirrors the situation in the instant action, where Plaintiff seeks identical remedies, as stated on the face of his Complaint, under both his claim for relief under section 1132(a)(1)(B) and his claim for relief under section 1132(a)(3). Any relief sought by Plaintiff under his claim for breach of fiduciary duty would be identical to relief available under 1132(a)(1)(B), as both seek benefits under the plan. Accordingly, Plaintiff's claim for breach of fiduciary duty must be dismissed because it fails as a matter of law.

      **B.   PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES FAILS TO RAISE A RIGHT TO RELIEF ABOVE THE SPECULATIVE LEVEL AND THEREFORE FAILS AS A MATTER OF LAW**

      Plaintiff apparently finds it incomprehensible that Plaintiff's claim for statutory penalties is too vague and ambiguous, even under pleading standards. However, for the first time in this case, Plaintiff uses his opposition to cite a string of ERISA provisions that he asserts support his claim. (Plaintiff's opposition, 4:12-13.) Although Plaintiff has now attempted to clarify the statutory grounds for his claim, he has failed wholly to provide any factual information that demonstrate the grounds for his claim, which would afford Defendant adequate notice to formulate a response. Defendant concedes that this case is subject to the liberal notice pleadings standards of Fed. R. Civ. P. 8. However, even under notice

- 8 -
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)

pleading standards, in order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Supreme Court has held that while a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65.

Defendants do not seek "detailed factual allegations" in the instant action, as Plaintiff would have the Court believe. Rather, in accordance with the holding in *Bell Atlantic*, Defendants seeks factual information sufficient to "raise a right to relief above the speculative level." *Id.* Defendant's motion to dismiss even provides examples of the information that would put Defendant on adequate notice of the claim, such that Defendant could to formulate a response. These facts include what documents Plaintiff or his representative requested, what information was requested, to whom the requests were made and when such requests were made. (Defendant's Motion to Dismiss, 10:28-11:1.) Yet, Plaintiff's opposition remains completely devoid of any of this information. Plaintiff does not even address these facts and accordingly gives the impression that Plaintiff does not possess any such information to support his claim. Defendant cannot be expected to respond to such a claim while left in a dark vacuum.

Instead of providing additional information to support his own claim, Plaintiff cites to an irrelevant case that involves a pension plan (not a health care plan) and its holding that a prerequisite showing of bad faith and actual harm is not necessary to find a plan administrator liable for penalties. *See Berry v. Wise*, 2004 U.S. Dist. LEXIS 10479, 9-14 (D. Or. 2004. This case has no relevance to Defendant's motion to dismiss. Defendant is not suggesting one way or another whether bad faith or actual harm play a role in awarding statutory penalties. Rather, Defendant seeks clarity on the statutory penalty claim as pled and the grounds for bringing such a claim. Without any factual information to support his

claim for statutory penalties, Plaintiff makes it impossible for Defendant to respond for multiple reasons. First and foremost, ERISA Section 1132(c) provides what has been characterized as an affirmative defenses for a plan administrator, which affords an opportunity to explain the failure or refusal to provide documents and/or information that may be beyond the control of the administrator. *See Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 947-48 (8th Cir.1999) (interprets the phrase in section 1132(c) stating "unless such failure or refusal results from matters reasonably beyond the control of the administrator" was in the nature of an affirmative defense, which the administrator has the burden of establishing). Without knowing the nature of the documents and/or information requested, Defendant is unable to determine if any applicable affirmative defenses apply in the instant action and accordingly Defendant is unable to respond to Plaintiff's claim.

Further, without knowing to whom Plaintiff's alleged requests were made, Defendant is unable to respond. As Plaintiff himself points out, ERISA cases are unique and often times somewhat complicated. Different parties involved in a beneficiary plan have different obligations regarding document production under ERISA. As worded, Plaintiff's claim does not afford Defendants a reasonable opportunity to respond to the claim for statutory penalties because Defendant does not have any information regarding to what individual/entity said requests were addressed and accordingly what obligations were imposed under ERISA. 29 C.F.R. section 2560.503-1.

Plaintiff's claim for statutory penalties is based on conclusory allegations, and is unsupported by any factual averments. As a result, Plaintiff's claim as pled should be dismissed for failure to state a claim to which Defendant can respond. See *Steelman v. Prudential Ins. Co. of America,* 2007 WL 2009805 (E.D.Cal. 2007) (where the complaint failed to sufficiently allege how defendant's actions violated a plan term or ERISA, the court found that although plaintiffs created a

suspicion of a legally cognizable claim, the complaint needed to contain more in order to survive a motion to dismiss).

## IV.   CONCLUSION

Carleton's Second Cause of Action For Breach of Fiduciary Duty and Third Cause of Action for Statutory Penalties should be dismissed with prejudice because they both fail as a matter of law.  Carleton's breach of fiduciary duty claim is inappropriate where identical remedies are available under his claim for benefits. Carleton's claim for statutory penalties fails to provide any factual basis for the claim and creates only the suspicion of a legally cognizable claim, which is not enough to survive a motion to dismiss.

Dated: April 25, 2008                                                          GORDON & REES LLP


By:   /s/ Ronald K. Alberts
RONALD K. ALBERTS
TAD A. DEVLIN
Attorneys for Defendants

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] - Case No. CV 07-5924 (JSW)