1  JULIAN M. BAUM (CA State Bar No. 130892)
2  THOMAS J. FUCHS
   BAUM & WEEMS
3  9 Tenaya Lane
   Novato, California 94947
4  Telephone: (415) 892-3152
5  Facsimile:  (888) 452-3849

6  Attorneys for Plaintiff
   David Carleton
7
8  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN, ESQ.
9  GORDON & REES LLP
   275 Battery Street, Suite 2000
10 San Francisco, CA 94111
   Telephone: (415) 986-5900
11 Facsimile:  (415) 986-8054
12
13 Attorneys for Defendants

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA
17

18 DAVID CARLETON, an individual,          )
19                                          )  Case No. CV 07-5924 (JSW)
           Plaintiff,                       )
20                                          )  JOINT CASE MANAGEMENT
   v.                                       )  STATEMENT
21                                          )
22                                          )
   504 GAP, INC. DISABILITY PLANS and       )  Date:   July 11, 2007
23 THE GAP, INC., in its capacity as Plan   )  Time:   1:30 p.m.
   Administrator,                           )  Courtroom:
24                                          )  Hon. Jeffrey S. White
                                            )  United States District Judge
25         Defendants.                      )
26                                          )
                                            )
27                                          )
                                            )
28

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), Local Rule 16-9 and this Court's Order, the parties respectfully submit this Joint Case Management Statement.

**1.    Jurisdiction and Service**

This is an action for disability insurance benefits and related relief under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The subject-matter jurisdiction of this Court is not disputed, and arises under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. §1132(a). There are no disputed issues regarding personal jurisdiction or venue, and all parties have been served.

**2.    Factual and Legal Summary of Action**

**a.  The Parties**

Plaintiff David Carleton was a software engineer employed by defendant The Gap, Inc., prior to his injury and his claim for disability insurance benefits, and a participant in its benefits plans. Defendant 504 Gap, Inc. Disability Plans (the "Plan") is an employee welfare benefits plan within the meaning of ERISA, 29 U.S.C. §§ 1002 and 1003. The Gap, Inc. is a party defendant solely in its capacity as the formal Plan Administrator and fiduciary of the Plan, and not in its capacity or as a result of its status as Mr. Carleton's former employer.

**b.  Relief Sought**

Plaintiff David Carleton asserts a single cause of action for recovery of group disability insurance benefits from October 15, 2007 to the date of judgment. Mr. Carleton has very recently returned to work for The Gap, Inc. as an independent contractor, on an hourly basis, and working largely from his home. Defendants contend that Carleton is not entitled to any further benefits under the terms and conditions of the Plan.

**c.  Brief Chronology of Facts and Statement of Principal Factual Issues in Dispute**

Mr. Carleton has undergone three spinal fusion surgeries, the most recent of which was on November 3, 2005. Defendants approved his claim for long-term disability benefits effective October 16, 2005.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By letter dated November 13, 2006 defendants informed plaintiff that they had determined that he was no longer entitled to benefits under the Plan, and that his claim was terminated effective December 1, 2006.  Plaintiff requested that defendants review and reconsider that determination. By letter dated December 28, 2007, defendants stated their determination that Mr. Carleton was entitled to further benefits from December 1, 2006 through October 15, 2007, but not thereafter.

Plaintiff contends that his medical records and information demonstrate that he continues to be disabled and entitled to benefits under the Plan.  Defendants contend that the medical records and information, including video surveillance, in Mr. Carleton's file do not support his entitlement to benefits beyond October 15, 2007.

**3**      <u>**Legal Issues**</u>

In accordance with the Court's applicable Standing Order, following is a brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**(a)**      **"Standard of Review" by this Court**:

The parties agree that the Court should employ the "*de novo*" standard of review.

**(b)**      **Entitlement to Benefits and Reinstatement in Plan**:

Plaintiff contends that his medical records and information demonstrate that he continues to be disabled and entitled to benefits under the Plan.  Defendants contend that the medical records and information, including video surveillance, in Mr. Carleton's file do not support his entitlement to benefits beyond October 15, 2007.

**4.**      <u>**Motions**</u>

No motions are pending.

The parties anticipate that this case will be tried to the Court by trial briefs and response briefs under Rule 52 of the Federal Rules of Civil Procedure. This is the procedure established in 1999 by the Ninth Circuit and employed by district courts since then. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.)(*en banc*), *cert. den*. 120 U.S. 398 (1999).  *See*

1  *Gonzalez v. Guarantee Mut. Life*, 1999 WL 329096, at 3 (N.D. Cal. 1999)("*Kearney* 'prescribes a

2  'novel form of trial' to be conducted in ERISA benefit cases."); *See also  Thompson v. Standard*

3  *Ins. Co.*, 167 F.Supp. 2d 1186, 1187 (D. Or. 2001)(under ERISA, motions for judgment more

4  appropriate, under *Kearney*, than motions for summary judgment.) *Cf.  Sabbatino v. Liberty Life*

5  *Assur. Co. of Boston*, 286 F. Supp. 2d 1222, 1234 (N.D. Cal. 2003)(Wilken, J.)(deciding cross-

6  motions for summary judgment under Rule 56 and ordering further trial by motion for judgment

7  under Rule 52).[1]

8      **5.**    **Amendment of Pleadings**

9         The parties do not anticipate any amendments to the pleadings.

10      **6.**    **Evidence Preservation**

11         The parties represent that they have taken steps to preserve evidence relevant to

12  the issues reasonably evident in this action as of the date when the filing of the litigation was

13  known.

14      **7**.    **Disclosures**

15         Defendants contend that Rule 26(a)(1)(E)(i) of the Federal Rules of Civil

16  Procedure explicitly exempts actions for review on an administrative record from initial

17  disclosures.  Prior to this litigation, defendants produced their claim file to plaintiff in accordance

18  with the requirements of ERISA.

19      **8.**    **Discovery**

20  Neither party has taken any discovery to date, and none is anticipated.

21      **9.**    **Class Actions**

22         Not applicable.

23

24  ///

25

26  ///

27

28

---

[1] Under this procedure, unlike cross-motions for summary judgment, the Court weighs the evidence and determines disputed questions of fact. *See, e.g., Kearney*, 175 F.3d at 1095 n.6 (findings of fact subject to appellate review

**10.** **Related Cases**

The parties are unaware of any related cases.

**11.** **Relief**

**a.** **Relief Sought by Plaintiff**

Plaintiff seeks recovery of disability insurance benefits from October, 2007 to the date of judgment, calculated under the terms and conditions of the Plan, reinstatement in the Plan, and attorneys' fees and expenses under ERISA.  The gross monthly benefit is approximately $4,600.

**b.** **Relief Sought by Defendants**

Defendants seeks judgment and dismissal with prejudice of this matter, and attorneys' fees and costs under 29 U.S.C. § 1132 to the extent permissible under the law.

**12.** **Settlement and ADR**

The Court has granted the parties' joint request to exempt this case from the Court's ADR program.

**13.** **Consent to Magistrate Judge For All Purposes**

The parties did not consent to assignment to a Magistrate Judge.

**14.** **Other References**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multi-district Litigation.

**15.** **Narrowing of Issues**

The parties have agreed to the applicability of the *de novo* standard of review.  The parties do not believe that further narrowing of the issues will be helpful or necessary prior to the anticipated cross-motions for complete resolution of the case by trial to the Court.

---

under the "clearly erroneous" standard of Rule 52, rather than the *de novo* review of summary judgment decisions under Rule 56).

### 16.    **Expedited Schedule**

The parties do not believe that this case can or should be handled on an expedited basis with streamlined procedures, beyond the significant streamlining employed under *Kearney*.

### 17.    **Scheduling**

The parties respectfully suggest the following briefing schedule:

a.  The parties will simultaneously file motions for judgment, to be heard on the Court's regular law and motion date, upon 42 days' notice, subject to notice and direction by the Court that hearing on the motion shall be rescheduled to a different date better suited to the Court's calendar;

b.  The parties will file their Opposition briefs 28 days before the hearing;

c.  The parties will file their Reply Briefs, if any, 14 days before the hearing.

### 18.    **Trial**

The parties estimate that trial of this matter will require a hearing of less than one hour.

### 19.    **Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, plaintiff certifies that as of this date, other than the named parties, there is no such interest to report.

Pursuant to Civil L.R. 3-16, defendants certify that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities, not already parties to the action, that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

///

///

///

**20.    Other Matters That May Facilitate The Just, Speedy And Inexpensive Disposition of This Matter**

The parties are unaware of any other such matters at this time.

Respectfully submitted,

Dated:  July 3, 2008

JULIAN M. BAUM
THOMAS J. FUCHS
BAUM & WEEMS

/s/ Julian M. Baum
By_____
JULIAN M. BAUM
Attorneys for Plaintiff

Dated July 3, 2008

RONALD K. ALBERTS
TAD A. DEVLIN
GORDON & REES LLP

by_____/s/ Tad A. Devlin
TAD A. DEVLIN
Attorneys for Defendants

1
2          **DECLARATION RE CONCURRENCE OF SIGNATORIES**
3          **UNITED STATES DISTRICT COURT, N.D. CAL.**
4                        **GENERAL ORDER 45**
5
6          The undersigned ECF filer hereby attests that concurrence in the filing of the
7  foregoing document has been obtained from each of the other signatories whose signature is
8  indicated by the notation " /s/ [name of signatory]."
9          I declare under penalty of perjury under the laws of the United States of America
10 that the foregoing is true and correct.

Dated: July 3, 2008                    /s/ Julian M. Baum

                                       Julian M. Baum